**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACOB ALEXANDER WOODS, | Case No. 2:26-cv-00695-GMN-DJA |
| Plaintiff, | **ORDER DISMISSING AND CLOSING CASE** |
| v. | |
| WARDEN WILLIAMS, | |
| Defendant. | |

Plaintiff Jacob Alexander Woods filed an application to proceed *in forma pauperis* but failed to submit a complaint in this action. On March 18, 2026, the Court ordered Plaintiff to submit a complaint by April 15, 2026. (ECF No. 6). After receiving mail returned as undeliverable, the Court issued an order directing Plaintiff to update his address and submit a complaint by May 22, 2026, and sent a courtesy copy of that order to Plaintiff at his new prison. (ECF Nos. 7, 8). That deadline expired without any response by Plaintiff and his mail from the Court is being returned as undeliverable. (ECF No. 9).

## I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

1

their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without a complaint and the ability for the Court and the defendants to send Plaintiff case-related documents, filings, and orders, and litigation cannot progress without Plaintiff's compliance with the Court's orders, the only alternative is to enter a third order setting another deadline. But without an updated address, the likelihood that the third order would even reach Plaintiff is low, so issuing another order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

///

II.    **CONCLUSION**

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice based on Plaintiff's failure to file a complaint and an updated address in compliance with the Court's orders. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.  If Plaintiff wishes to pursue his claims, he must file a complaint in a new case, address the matter of the filing fee, and provide the Court his updated address.

**IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

**DATED**: June 1, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

3